

**U.S. Department of Justice**
*S. Amanda Davidson*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*          *(503) 727-1000*
*Portland, OR   97204-2902*          *Fax: (503) 727-1117*

November 23, 2011

Benjamin T. Andersen
Pacific Northwest Law
1420 World Trade Center
121 SW Salmon Street
Portland, Oregon 97204

> Re:   *United States v. Allen Lee Bryson, Jr.* , Case No. 11-CR-105-BR
>         Plea Agreement Letter

Dear Counsel:

1.      **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.      **Charges**:

        A.      Defendant agrees to plead guilty to the Indictment, which alleges that on or about February 10, 2011, in Multnomah County within the District of Oregon, defendant knowingly and intentionally possessed with the intent to distribute a quantity of heroin, a Schedule I controlled substance, in violation of Title 21, united States Code, Sections 841(a)(1) and 841(b)(1)(C);

        B.      Defendant agrees to admit to a finding that he violated his supervised release in Case No. 6:02CR60020;

        C.      Defendant agrees to admit to a finding that he violated his supervised release in Central District of California Case No. 04-632-R;

3.      **Penalties**:  The maximum sentence is 20 years imprisonment, a fine of $2,000,000 and three to five years of supervised release, and a $100 fee assessment.  Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.  Both supervised release violations allege "Grade A" violations.  Pursuant to U.S.S.G §§ 7B1.3 and 7B1.4, the sentencing court may, upon a finding of a violation, revoke defendant's probation and sentence him to a term of 24 to 30 months on each count and may order that they

**Revised 02/03/10**

Benjamin T. Andersen
Re: Allen Lee Bryson Plea Letter
Page 2

run consecutive to any term of imprisonment imposed herein.

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant.  The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this drug investigation, known to the USAO at the time of this agreement.

5.    **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.  The parties agree as follows:

    A.    Defendant is a career offender as defined in U.S.S.G § 4B1.1;

    B.    Defendant's Base offense level is 32;

    C.    Defendant's Criminal History Category is VI.

7.    **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case.  If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level.  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8.    **Recommendation:** The parties agree to jointly recommend that a sentence of 84 months is the appropriate disposition of this matter pursuant to the guidelines and factors enunciated under 18 U.S.C. § 3553(a).  The government and the parties agree that it is appropriate, and jointly agree to recommend that any term of imprisonment imposed as a result of the revocation of defendant's supervised release, as outlined above, be served concurrently with any term of imprisonment ordered herein.

9.    **Additional Departures, Adjustments, or Variances**:  The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.  Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

**Revised 02/03/10**

Benjamin T. Andersen
Re: Allen Lee Bryson Plea Letter
Page 3

10.    **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

11.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

12.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

13.    **Criminal Fine/Fee Assessment**:  Defendant agrees to the imposition of a criminal fine in the amount of $743.00 to be paid to the Clerk of the Court from the $843.00 in currency seized from the defendant.  This currency is in Portland Police Department Property/Evidence, Case No. 11-011315, Receipt No. 1233820.  Defendant agrees that the remaining $100 of the seized currency will be applied toward payment of the mandatory $100 fee assessment.

The parties also agree to the inclusion of the following language in the Judgment and Conviction:

The government recommends defendant receive a sentence of 84 months imprisonment and be required to pay the $743.00 fine as stipulated by the parties in the plea agreement.  The fine is to be paid to the court from the $843.00 in currency and coin seized from the defendant during the arrest of the defendant for the crimes charged in the indictment.  Pursuant to the plea agreement, defendant agrees that the remaining $100 of the seized currency will be applied toward payment of the mandatory $100 fee assessment.

**Revised 02/03/10**

Benjamin T. Andersen
Re: Allen Lee Bryson Plea Letter
Page 4

14.    **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15.    **Memorialization of Agreement**:  No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

S. AMANDA DAVIDSON
United States Attorney


GREGORY R. NYHUS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

2/15/12
Date                                        Defendant

I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

2/15/12
Date                                        Attorney for Defendant

**Revised 02/03/10**